**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION**

**RAYMOND KEITH THOMAS**                                                  **PLAINTIFF**

**v.**                                           **CIVIL ACTION NO. 5:17-cv-19-DCB-MTP**

**M.T.C., ET AL.**                                                      **DEFENDANTS**

## REPORT AND RECOMMENDATION

THIS MATTER is before the Court on Defendants' Motion for Summary Judgment [26]. Having considered the parties' submissions and the applicable law, the undersigned recommends that the Motion for Summary Judgment [26] be granted and that this action be dismissed without prejudice.

## BACKGROUND

On February 7, 2017, Plaintiff Raymond Keith Thomas, proceeding *pro se* and *in forma pauperis*, filed his Complaint [1] pursuant to 42 U.S.C. § 1983. Plaintiff's claims arose while he was a post-conviction inmate at Wilkinson County Correctional Facility ("WCCF") in Woodville, Mississippi. Plaintiff alleges that Defendants Gabriel Walker and Jody Bradley directed Officer Davis[1] to give Plaintiff's legal mail to another inmate. *See* Complaint [1]; Responses [15] [17]. As a result, Plaintiff allegedly "missed responding to a notice from the Southern Poverty Law Center and the Mississippi Bar." *See* Response [17].

On April 18, 2018, Defendants filed their Motion for Summary Judgment [26], arguing that Plaintiff failed to exhaust his administrative remedies prior to filing this action. Plaintiff responded to the Motion [26] on June 28, 2018, and the Motion [26] is ripe for disposition.

---

[1] Plaintiff has not named Officer Davis as a defendant.

1

## STANDARD FOR SUMMARY JUDGMENT

A motion for summary judgment will be granted only when "the record indicates that there is 'no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.'" *Causey v. Sewell Cadillac-Chevrolet, Inc.*, 394 F.3d 285, 288 (5th Cir. 2004) (citing Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)). The Court must view "the evidence in the light most favorable to the nonmoving party." *Id*. The nonmoving party, however, "cannot defeat summary judgment with conclusory allegations, unsubstantiated assertions, or 'only a scintilla of evidence.'" *Turner v. Baylor Richardson Med. Center*, 476 F.3d 337, 343 (5th Cir. 2007) (quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994)). In the absence of proof, the Court does not "assume that the nonmoving party could or would prove the necessary facts." *Little*, 37 F.3d at 1075 (emphasis omitted).

## ANALYSIS

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), requires prisoners to exhaust any available administrative remedies prior to filing suit under 42 U.S.C. § 1983. "Whether a prisoner has exhausted administrative remedies is a mixed question of law and fact." *Dillon v. Rogers*, 596 F.3d 260, 266 (5th Cir. 2010). The United States Court of Appeals for the Fifth Circuit held that "[s]ince exhaustion is a threshold issue that courts must address to determine whether litigation is being conducted in the right forum at the right time, . . . judges may resolve factual disputes concerning exhaustion without the participation of a jury." *Id*. at 272. Because exhaustion is an affirmative defense, Defendants bear the burden of demonstrating that Plaintiff failed to exhaust available administrative remedies. *Id*. at 266.

The Fifth Circuit takes "a strict approach" to the PLRA's exhaustion requirement. *Johnson v. Ford*, 261 Fed. App'x 752, 755 (5th Cir. 2008) (citing *Days v. Johnson*, 322 F.3d

863, 866 (5th Cir. 2003)).  A prisoner cannot satisfy the exhaustion requirement "by filing an untimely or otherwise procedurally defective administrative grievance or appeal" because "proper exhaustion of administrative remedies is necessary."  *Woodford v. Ngo*, 548 U.S. 81, 83-84 (2006).  It is not enough to merely initiate the grievance process or to put prison officials on notice of a complaint; the grievance process must be carried through to its conclusion. *Wright v. Hollingsworth*, 260 F.3d 357, 358 (5th Cir. 2001).

Mississippi Code § 47-5-801 grants the Mississippi Department of Corrections ("MDOC") the authority to adopt an administrative review procedure at each of its correctional facilities.  Pursuant to this statutory authority, the MDOC has set up an Administrative Remedy Program ("ARP") through which an inmate may seek formal review of a complaint relating to any aspect of his incarceration. *See* MISSISSIPPI DEPARTMENT OF CORRECTIONS HANDBOOK[2] at Ch. VIII.

The ARP is a two-step process.[2]  An inmate is required to submit his initial grievance or request, in writing, through the Inmate Legal Assistance Program ("ILAP") within thirty days of an alleged incident.  If, after screening, the grievance or request is accepted into the ARP, an official will issue a First Step Response.  If the inmate is unsatisfied with the First Step Response, he may continue to the Second Step by using ARP form ARP-2. *See* MISSISSIPPI DEPARTMENT OF CORRECTIONS HANDBOOK at Ch. VIII.

In support of their Motion for Summary Judgment [26], Defendants submitted an affidavit from the ARP Coordinator at WCCF, Janice Williams, along with documents relating to

---

[2] *See* http://www.mdoc.ms.gov/Inmate-Info/Pages/Inmate-Handbook.aspx. (Last visited July 5, 2018).

[2] Effective September 19, 2010, the ARP was changed from a three-step process to a two-step process. *See Threadgill v. Moore*, 2011 WL 4388832, at *3 n.6 (S.D. Miss. July 25, 2011).

Plaintiff's grievance. The record shows that Plaintiff submitted an ARP grievance complaining that his mail was given to another inmate. *See* [26-1] at 1, 3. On November 5, 2016, Deputy Warden Gabriel Walker completed a first-step response to Plaintiff's grievance. Walker found that Plaintiff had failed to provide sufficient evidence supporting his claim but also stated that he would follow up and ensure that proper procedures are followed. *See* [26-1] at 2, 4.

Plaintiff received the first-step response (form ARP-2) on November 25, 2016. *See* [26-1] at 2, 5. The first-step response informed Plaintiff as follows: "If you are not satisfied with this response, you may go to Step Two by checking below and forwarding to the ARP Legal Claims Adjudicator within 5 days of your receipt of this decision." *See* [26-1] at 4. Plaintiff submitted his appeal to the second step to the inmate legal assistance program on December 6, 2016, eleven days after Plaintiff received the first-step response. *See* [26-1] at 2, 6. Plaintiff's appeal was denied as untimely because it was submitted "beyond your five days to appeal to the 2nd step." *See* [26-1] at 7.[3]

In his Response [35], Plaintiff argues that he adhered to the grievance procedure, pointing out that he submitted an appeal to the second step.[4] Plaintiff also argues the merits of his claims. However, "[e]xhaustion is no longer left to the discretion of the district court, but it is mandatory." *Woodford*, 548 U.S. at 85. As previously discussed, an inmate cannot satisfy the exhaustion requirement by filing an untimely or otherwise defective grievance or appeal. An inmate may not simply initiate the grievance process, but must complete the process. *Id*. at 83-84; *Wright*, 260 F.3d at 358. "[A] prisoner must complete the administrative review process in

---

[3] Plaintiff submitted an inmate receipt showing that his appeal was denied as untimely. *See* [35-1] at 4.

[4] In support of his argument, Plaintiff cites to two documents showing that his appeal to the second step was denied as untimely. *See* [35-1] at 4, 5.

4

accordance with the applicable rules, *including deadlines*, as a precondition to bringing suit in federal court." *Woodford*, 548 U.S. at 88.

The record demonstrates that Plaintiff failed to exhaust his administrative remedies prior to filing this action. *See Dowdle v. Fisher*, 2017 WL 3425744, at *3 (S.D. Miss. June 30, 2017); *Johnson v. Kukua*, 342 Fed. App'x. 933, 934 (5th Cir. 2009). Thus, he may not proceed in this case.[5]

## RECOMMENDATION

For the foregoing reasons, the undersigned recommends that Defendant's Motion for Summary Judgment [26] be GRANTED and this action be dismissed without prejudice.

## NOTICE OF RIGHT TO OBJECT

In accordance with the Rules of this Court, any party, within fourteen days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the District Judge, the U.S. Magistrate Judge, and the opposing party. The District Judge at that time may accept, reject, or modify in whole or in part the recommendation of the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with instructions. Failure to timely file written objections to proposed findings, conclusions, and recommendations contained in this report will bar an aggrieved party, except on the grounds of plain error, from attacking on appeal unobjected to proposed factual

---

[5] Exceptions to the exhaustion requirement are only appropriate where the administrative remedies are unavailable or wholly inappropriate to the relief sought, or where the attempt to exhaust such remedies would itself be patently futile. *Fuller v. Rich*, 11 F.3d 61, 62 (5th Cir. 1994). The Fifth Circuit has taken the position that exceptions to the exhaustion requirement only apply in "extraordinary circumstances," and that the prisoner bears the burden of demonstrating the futility or unavailability of administrative review. *Id.* Plaintiff has not made such a showing.

findings and legal conclusions accepted by the District Court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996).

This the 9th day of July, 2018.

s/ Michael T. Parker
United States Magistrate Judge
